MARY C. ROSATI et al. vs. MARIA M. ROSSI.

JOSEPHINE V. RICCI vs. SAME.

JULY 9, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Sweeney, JJ.

*(1)  Constructive Trusts.  Statute of Frauds.  Statute of Wills.*

A constructive trust arising in equity is not affected by the statute of frauds nor the statute of wills.

In taking property in such circumstances a grantee, devisee or donee has placed an obligation upon his conscience and if in disregard of that conscientious obligation he converts the property to his own use he does it in fraud and it is upon such fraud and not upon his original agreement that equity bases the constructive trust.

*(2)  Constructive Trusts.  Evidence.*

Before one who claims to be the *cestui* under a constructive trust can obtain relief he must establish the conscientious obligation of a respondent by clear and convincing evidence.  *Industrial Trust Co.* v. *Colt,* 46 R. I. 319, reaffirmed.

RATHBUN, J., concurs in result.

BILLS IN EQUITY.  Heard on appeals of complainants and dismissed.

SWEETLAND, C. J.  Each of the above entitled cases is a suit in equity seeking to fix a trust in favor of the complainants upon certain real estate in Providence, the title to which stands in the name of the respondent.

Each case was tried upon bill, answer, replication and proof before a justice of the Superior Court who entered a decree in each case dismissing the bill.  Each case is before us upon the complainant's appeal from the decree of the Superior Court.

It appears that the respondent is the widow of one Louis Rossi, who died a resident of Providence.  The respondent and Louis Rossi were married in 1899.  The complainant in the second of the above entitled cases is a daughter of the respondent and Louis Rossi.  The complainants in the first of the above entitled cases are two daughters of Louis Rossi by an earlier marriage.  During the lifetime of Louis Rossi he was the owner of the real estate in question, and in

September, 1903, without consideration he conveyed the same to one Fraterelli, a brother of the respondent. In November, 1903, Fraterelil, by direction of Louis Rossi, conveyed the property without consideration to the respondent who continued to hold title to the property until the death of Louis Rossi in 1922. The complainants by their evidence seek to establish the allegations of the bills that the equitable title to said real estate remained in Louis Rossi till his death, and that upon his death the equitable title passed to his heirs. The complainants seek to have the court declare a constructive trust in said property in favor of the complainants based upon their claim of the fraud of the respondent in now treating the transaction as constituting an absolute conveyance to her.

In *Industrial Trust Co.* v. *Colt,* 46 R. I. 319, this court gave its approval of the doctrine that an oral agreement to receive and hold property in trust for the benefit of another places an obligation upon the conscience of the person so receiving it, and if in fraud he seeks to take the property as his own, equity will interfere and raise a constructive trust in favor of the intended beneficiary to prevent the successful perpetration of the fraud. Such constructive trust has its origin solely in the application of equitable principles, and is distinct from the oral express trust which the parties, by their agreement, sought to create, but which is unenforceable by reason of the statute of frauds. A constructive trust (1) arising in equity is not affected by the statute of frauds nor the statute of wills. In taking property in such circumstances a grantee, devisee or donee has placed an obligation upon his conscience. If in disregard of that conscientious obligation such grantee, devisee or donee converts the property to his own use he does it in fraud, and it is upon such fraud and not upon his original agreement that equity bases the constructive trust.

Before one who claims to be the *cestui* under a constructive (2) trust can obtain relief he must establish the conscientious obligation of a respondent by clear and convincing evidence.

We have carefully read the transcript and are of the opinion that the evidence fails to establish the complainants' claim of an agreement on the part of the respondent to hold the property in question for her husband or for his heirs. The complainants are not entitled to relief.

At the hearing some question was raised as to whether, by reason of certain language in the opinion in *Broadway Bldg. Co.* v. *Salafia*, 47 R. I 263, the principles recognized as controlling in *Industrial Trust Co.* v. *Colt, supra,* are now the law of this State. *Broadway Bldg. Co.* v. *Salafia* was a case involving the complainant's prayer that a constructive trust be declared in certain property held by the respondent. Our decision in that case was based upon the finding that the complainant there had failed to maintain its allegation that the respondent was under obligation to hold for the complainant and to reconvey. In the course of an extended discussion of the subject of constructive trusts, the writer of that opinion questioned the authority of the cases which were approved in *Industrial Trust Co.* v. *Colt, supra.* Such is not the position of the court, however; the cases referred to in *Industrial Trust Co.* v. *Colt* are again approved and that case is hereby reaffirmed.

The appeal in each case is dismissed and each case is remanded to the Superior Court for further proceedings.

RATHBUN, J. I concur in the conclusion reached by the majority that the complainants' proof is insufficient to warrant the establishment of a trust in their favor but I must respectfully decline to subscribe to the proposition that we might properly have established a constructive trust if the parol evidence of the alleged promise to reconvey had been clear and convincing. If the respondent promised to reconvey, there is no suggestion, either that the conveyance was obtained by fraud, actual or constructive, or that the respondent intended at the time the conveyance was made to violate said promise.

My position is that the Statute of Frauds forbids the establishment by parol evidence of a trust on an oral promise,

accompanied by no fraud, actual or constructive, to re-convey. Section 6, Chapter 333, G. L. 1923, (a portion of the Statute of Frauds) provides that "No action shall be. brought:—  . . .  Whereby to charge any trustee under any express trust . . . Unless the promise or agreement upon which such action shall be brought, or some note or memorandum thereof, shall be in writing, and signed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized." I am aware of the fact that English and certain American courts, in their attempt to do justice in "hard cases", have, in spite of the Statute of Frauds, established constructive trusts on mere oral promises where the only evidence of fraud was the failure to reconvey; and that such decisions have, to some extent, been followed as precedents.

The statute was evidently intended to prevent, in the absence of fraud accompanying the promise parol proof of an oral promise to hold in trust. If the legislature intended that the statute should be readily side-stepped and a trust with a different name established by parol proof whenever an oral promise, made without fraud and in absolute good faith, to hold in trust or reconvey is broken, there appears to have been very little reason for adopting the provision above quoted from the Statute of Frauds—or even men-tioning express trusts—because when the provision to reconvey is not broken there is no occasion for bringing action; and when it is broken the court can simply allow the parol proof and establish a constructive trust which is just as effective as an express trust.

The language of certain courts that the Statute of Frauds is inapplicable because such use of the statute would permit a grantee or devisee to benefit by his own fraudulent conduct, and that the statute was not intended to be used as an instrument of fraud is very pertinent where the trustee obtained the property or conveyance by fraudulent practice. In such a case the trust was at its inception a constructive as well as an express trust although the defrauded person

being unaware of the fraud and relying upon the express promise which was fraudulently made thought that only an express trust had been created; but when said language is applied to express trusts the courts are simply begging the question. They assume that a promise to hold in trust or reconvey has been established when the only proof available is not admissible.

If a trust is simply an express and not a constructive trust at its inception it remains merely an express trust; its name and character do not change, thereby making the obligation a constructive trust, when the trustee merely refuses to keep his agreement.

It is sometimes stated that the above provision of the Statute of Frauds does not bind courts of equity. Whom was the provision intended to bind if not courts of equity? Does any other court enforce either express or other trusts? I assume that courts of equity are bound as much as any other court by positive legislative injunctions intended for their respective guidance.

In *Industrial Trust Co.* v. *Colt*, 46 R. I. 319, there was a written memorandum signed by Mrs. Colt, the trustee, in which she acknowledged that she was obligated by the "arrangement" with her husband to pay, from the income received from him under a deed of trust, "$500 or over a month to the boys" who, by the action, were seeking to enforce the trust against her guardian after she had become mentally incompetent. Perhaps the trust which was established should have been called an express rather than a constructive trust. Without the written memorandum I doubt that a trust would have been established.

No fair-minded person can fail to be in sympathy with the endeavors which courts have made to establish trusts when satisfied that a conveyance without consideration,— and not intended as a gift,—was obtained without fraud by a person who at the time of the conveyance intended to keep his agreement to reconvey. Perhaps it would be wise to repeal the statutory provision and rely upon the court to

require very clear and convincing evidence of the oral promise to hold in trust, but while the intention of the legislature remains as expressed by statute courts should not ignore that intention and thereby abrogate the statute.

(Mr. Justice BARROWS being ill did not sit in either of these causes.)

RATHBUN, J, concurs in the result.

*John B. Lawlor Charles W. Proctor, McGovern & Slattery, William R. Champlin, George F. Troy,* for complainants.

*Robinson & Robinson* for respondent.